1  Mark T. Flewelling (Bar No. 96465)
       mflewelling@lagerlof.com
2  Michael Rapkine (Bar No. 222811)
       mrapkine@lagerlof.com
3  LAGERLOF, LLP
4  155 North Lake Avenue, 11th Floor
   Pasadena, California 91101
5  Tel: (626) 793-9400 | Fax: (626) 793-5900
6
7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  WELLS FARGO BANK, N.A., a            CASE NO.: 8:23-cv-01800-DOC-ADS
    national banking association,
13                                       [*The Hon. David O. Carter*]

14              Plaintiff,               **DECLARATION OF MICHAEL
                                         RAPKINE IN SUPPORT OF
15     v.                                PLAINTIFF WELLS FARGO'S
                                         MOTION FOR ORDER
16                                       ENFORCING SETTLEMENT AND
    STEWART HOMES, INC., a California    AWARDING SANCTIONS
17  corporation, dba 5 Star Homes;       AGAINST THE CAPITAL
    CAPITAL (360), INC., a California    DEFENDANTS**
18  corporation; DAVID M. TOFOLO, an
    individual; AMY S. STEWART, an
19  individual; AMY S. STEWART, as
    trustee of the Stewart Family Trust
20  Dated December 6, 2020; FRANK
21  ARLASKY, an individual; SANDRA       Date:   October 21, 2024
    FERN WHITE, an individual; and       Time:   8:30 a.m.
22  DOES 1-10, inclusive,                Ctrm:   10A
23
24              Defendants.
25
26
27
28

I, Michael Rapkine, declare:

1.     I am an attorney at law licensed to practice before this Court and I am Senior Counsel at the law firm of Lagerlof LLP, counsel of record for plaintiff WELLS FARGO BANK, N.A. ("Wells Fargo").  I am personally familiar with the facts set forth in this declaration.

2.     On September 22, 2023, my office filed the above-entitled action on behalf of plaintiff Wells Fargo.

3.     On July 12, 2024, all the parties in this action attended a Mandatory Settlement Conference ("MSC") overseen by the Honorable Scott C. Clarkson.  A settlement was reached during the MSC.  On the afternoon of the MSC, the parties convened in the courtroom of the Honorable David O. Carter and recited the full terms of the settlement into the record.  After reciting the settlement terms and conditions, each party and their attorneys assented to the settlement.  Attached to this declaration as Exhibit 1 is a true and correct copy of the transcript that memorializes the settlement terms and conditions.

4.     Given the settlement, the Court issued a minute order on July 12, 2024. (Doc. 91).  Within the minute order it was noted that "[t]he Court retains jurisdiction for one year to vacate this order and reopen the action upon showing of good cause that the settlement has not been consummated." *Id*.

5.     Although a binding settlement was reached on July 12, 2024, as memorialized in the transcript attached as Exhibit 1, the subsequent execution of certain documents is necessary to effectuate a crucial term of the settlement. Defendants Capital (360), Inc., Frank Arlasky, and Sandra Fern White (the "Capital Defendants") agreed pursuant to the settlement that Sandra White shall assign to Wells Fargo a Deed of Trust executed by Kathy L. Bodor ("Bodor Deed of Trust") along with the corresponding promissory note signed by Ms. Bodor ("Bodor Note") (Exh. 1 at 6:5 – 7:4).  Pursuant to the Bodor Note, $700,000.00 is presently due and payable to Sandra White.  Under the settlement, this amount will

LAGERLOF, LLP

1    be paid to Wells Fargo instead of Ms. White.

2        6.    The other consideration provided by the Capital Defendants in

3    exchange for dismissal of Wells Fargo's claims was twofold: (1) payment of

4    approximately $55,000.00 to Wells Fargo from a restrained Chase deposit account

5    of Sandra White (Exh. 1 at 7:6-15); and (2) payment of a cashier's check for

6    $105,000.00 to Wells Fargo. (Exh. 1 at 7:20 – 8:3).  As detailed through this

7    declaration, neither the Capital Defendants nor their counsel have taken any steps

8    to facilitate the assignment of the Bodor instruments or to pay Wells Fargo the

9    $160,000.00 that is due under the settlement.

10        7.    Shortly after the MSC, counsel for the Capital Defendants (William

11    Wall, Esq.) informed the parties that he would be on vacation and return on July

12    29, 2024.  The parties took this date into consideration with the goal of executing

13    all necessary settlement papers by the first week of August 2024.

14        8.    On July 28, 2024, I emailed a draft version of the settlement papers to

15    counsel for the defendants.[1]  The attorneys for David Tofolo, Stewart Homes, Inc.,

16    and Amy S. Stewart proposed minor revisions that I incorporated into the

17    settlement papers the following day.

18        9.    On July 31, 2024, I emailed the revised settlement papers to counsel

19    for the defendants.  Attached hereto as <u>Exhibit 2</u> is a true and correct copy of my

20    email.  Mr. Wall acknowledged receipt of the revised settlement papers and

21    commented: "So we have comments from everyone but me?" (Exh. 2 at p.1).  I

22    responded that Mr. Wall was correct and that he should review the settlement

23    papers and provide redlined edits if necessary. *Id*.

24    / / /

25

26    [1]   The settlement papers consisted of a settlement agreement along with all
27    exhibits.  Within this declaration and Wells Fargo's accompanying motion, the
      settlement agreement and its exhibits will be collectively referred to as the
28    "settlement papers".

LAGERLOF, LLP

10.     As detailed below, the parties are still waiting for comments from Mr. Wall.  As of the date of this declaration, Mr. Wall has not even indicated that he has looked at the settlement papers.

11.     Critical for the purpose of Wells Fargo's pending motion to enforce the settlement are an Assignment of the Bodor Deed of Trust ("Assignment") and an Allonge to the Bodor Note ("Allonge"), both of which need to be executed by Bill Wall's client, Sandra Fern White.  It should be added that the Assignment needs to be executed in the presence of a licensed notary.  Attached hereto as Exhibit 3 is a true and correct copy of the Assignment and Allonge.

12.     During the first week of August, I followed up with Mr. Wall several times regarding the need for his review of the settlement papers.  On August 7, 2024, I sent a reminder email to Mr. Wall, requesting his review of the settlement papers with the goal of "get[ting] the settlement agreement executed by early next week."  A true and correct copy of this email string is attached hereto as Exhibit 4. Counsel for defendant David Tofolo (John Stephens, Esq.) reiterated the request for Mr. Wall to review the papers on an expedited basis. (Exh. 4 at p.4: "I'm getting some pressure from David T to wrap this up.").  Mr. Wall responded to the group that: "I'm sure it's pressure you can both withstand." (Exh. 4 at p.3).  On August 13, Mr. Wall added that he would try to "motivate" his clients to move the process along. *Id.*

13.     On August 14, 2024, I sent a follow-up email to Mr. Wall stressing that: "If a settlement isn't executed within the next week or so, Wells Fargo wants me to prepare a motion to compel the Capital Defendants to sign the settlement papers." (Exh. 4 at p.1).  Counsel for David Tofolo (John Stephens) commented that "I would have no opposition to that motion, but I sincerely hope it will not be necessary."  Mr. Stephens reiterated his request to William Wall to present any suggested edits to the settlement papers. (Exh. 4 at p.1: "Bill, please do what you can to expedite the execution of the agreement.").

LAGERLOF, LLP

14.     In anticipation of the documents necessary to support a motion to enforce the settlement, I ordered the July 12 hearing transcript on August 21, 2024. I also sent an email to counsel for each defendant, referencing the transcript order that appears on the docket (Doc. 92).  A true and correct copy of my email is attached to this declaration as Exhibit 5.  Within the email, I stressed to Mr. Wall: "When I receive the transcript, Wells Fargo has instructed me to start preparing a motion to compel execution of the settlement papers, coupled with a sanctions request against the Capital Defendants." (Exh. 5 at p.1).  I added that if Mr. Wall could circulate his "edits to the settlement papers by the beginning of next week, I won't have to go the route of a sanctions motion." *Id*.  Finally, my email reiterated what had been discussed with Mr. Wall over the phone: "As noted in our recent communications, a key reason we need a formal settlement agreement is the need for Sandra White to execute the assignment of the Bodor Deed of Trust and the allonge to the promissory note. These are Exhibits B and C to the settlement agreement." (Exh. 5 at p.1).

15.     On August 29, 2024, I received a copy of the settlement transcript. (Exh. 1).  That same day, I emailed a copy of the transcript to counsel for each defendant.

16.     On August 29, 2024, I had a telephone conversation with Mr. Wall, again reiterating the need for his comments to the settlement papers.  During the telephone conversation, Mr. Wall conceded that he was having "client control problems" and that his clients were ultimately responsible for the delay.  That said, Mr. Wall promised that he would email me his final revisions by September 2, 2024.  Mr. Wall mentioned that he would be departing for a two-week vacation in Hawaii on September 4, yet he added that he would be working remotely during the vacation.  In other words, I construed his statement as a stance that the settlement papers would be executed during Mr. Wall's vacation.

/ / /

LAGERLOF, LLP

17.     Shortly after my telephone conversation on August 29, I sent a confirmation email to Mr. Wall that stated: "I look forward to your edits to the actual settlement agreement by Monday [9/2]."  A true and correct copy of this confirmation email is attached hereto as Exhibit 6.

18.     Mr. Wall did not provide me with any edits or comments as promised. On September 3, I sent an email to Mr. Wall inquiring about the status of his edits. Mr. Wall responded that I was "mistaken" regarding a deadline and added that he "will try to get this done sooner rather than later." A true and correct copy of this email string is attached hereto as Exhibit 7.

19.     I followed up with Mr. Wall via email, requesting a meet and confer telephone call to discuss Wells Fargo's anticipated motion to enforce the settlement. (Exh. 7 at p.1).  Mr. Wall responded that he would not participate in a call while on vacation. (Exh. 7 at p.1: "No, I'm not available for over a week . . . . With the above in mind, I am expressly not waiving the meeting of counsel requirement to bring a motion. The soonest I can be available is 9/16.").

20.     To date, I have not received any proposed edits to the settlement papers from Mr. Wall, any substantive comments, or a realistic estimate on when his clients intend to sign the papers.  Based on Mr. Wall's continued failure to review the settlement papers and his comments concerning client control problems, Wells Fargo questions whether the Capital Defendants have any intention of signing the settlement papers unless pressured to do so by the Court.  Accordingly, Wells Fargo's motion is necessary.

21.     Wells Fargo respectfully requests an order awarding attorneys' fees against the Capital Defendants and their counsel, Mr. Wall, which were incurred to enforce the execution and performance of the settlement.  On Wells Fargo matters, I bill out at a reduced hourly rate of $322.00.  I have spent no less than 13.0 hours preparing Wells Fargo's enforcement motion, this declaration, and the supporting exhibits.

LAGERLOF, LLP

22.      My colleague Mark T. Flewelling (Bar No. 96465) has spent at least 3.0 hours contributing his input to the pending motion and revising certain sections.  On Wells Fargo matters, Mr. Flewelling bills out at a reduced hourly rate of $338.00.

23.      In addition to the attorney time mentioned in paragraphs 21-22 of this declaration, I anticipate requiring at least four (4) hours to review an opposition filed by the Capital Defendants, to prepare a reply brief, and to attend the hearing on this matter.  Wells Fargo is not seeking reimbursement for the travel time or travel costs of its counsel.

24.      Based on the preceding paragraphs, Wells Fargo respectfully seeks between $5,200.00 and $6,488.00 in sanctions against the Capital Defendants and Mr. Wall.  The total figure awarded depends on whether Wells Fargo's motion is opposed and whether there is a hearing on this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 10, 2024, at Pasadena, California.


                                            _/s/ Michael Rapkine_____
                                                 Michael Rapkine

LAGERLOF, LLP

EXHIBIT 1

1              **UNITED STATES DISTRICT COURT**

2       **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

3         **HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

4
       WELLS FARGO BANK, N.A.,                )
5                                             )
                      Plaintiff,              )  **Certified Transcript**
6                                             )
            vs.                               )  Case No.
7                                             )  8:23-cv-01800-DOC-ADS
       STEWART HOMES, INC., a                 )
8      California corporation, dba 5          )
       Star Homes; CAPITAL (360), INC.,       )
9      a California corporation; DAVID        )
       M. TOFOLO, an individual; AMY S.       )
10     STEWART, trustee of the STEWART        )
       TRUST; and DOES 1-10, inclusive,       )
11                                            )
                      Defendants.             )
12     _____    )

13

14

15

16
                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
17                       STATUS CONFERENCE
                     FRIDAY, JULY 12, 2024
18                        3:07 P.M.
                     SANTA ANA, CALIFORNIA
19

20

21

22     _____

23             **DEBBIE HINO-SPAAN, CSR 7953, CRR**
               FEDERAL OFFICIAL COURT REPORTER
24           411 WEST 4TH STREET, ROOM 1-053
                  SANTA ANA, CA 92701
25               dhinospaan@yahoo.com

1                         **APPEARANCES OF COUNSEL:**

2

3     **FOR PLAINTIFF:**

4            LAGERLOF, LLP
             BY:  MARK T. FLEWELLING, ESQ.
5            155 North Lake Avenue
             11th Floor
6            Pasadena, California 91101
             626-793-9400
7            mflewelling@lagerlof.com

8            LAGERLOF, LLP
             BY:  MICHAEL RAPKINE, ESQ.
9            155 North Lake Avenue
             11th Floor
10           Pasadena, California 91101
             626-793-9400
11           mrapkine@lagerlof.com

12    **FOR DEFENDANT STEWART HOMES, INC., AND AMY S. STEWART AS
      TRUSTEE OF THE STEWART FAMILY TRUST:**
13
             GOE FORSYTHE & HODGES LLP
14           BY:  MARC C. FORSYTHE, ESQ.
             18101 Von Karman Avenue
15           Suite 1200
             Irvine, California 92612
16           949-798-2460
             mforsythe@goeforlaw.com
17
      **FOR DEFENDANT CAPITAL 360, INC., FRANK ARLASKY, SANDRA FERN
18    WHITE:**

19           WALL & SON
             BY:  WILLIAM J. WALL, ESQ.
20           26895 Aliso Creek Road
             Suite B110
21           Aliso Viejo, California 92656
             949-387-4300
22           wwall@wall-law.com

23

24

25

**UNITED STATES DISTRICT COURT**

```
 1                    APPEARANCES OF COUNSEL
                            (Continued:)
 2

 3    FOR DEFENDANT DAVID TOFOLO:

 4            FERGUSON BRASWELL FRASER KUBASTA, PC
              BY:  JOHN B. STEPHENS, ESQ.
 5            575 Anton Boulevard
              Suite 750
 6            Costa Mesa, California 92626
              949-468-3200
 7            jstephens@fbfk.law

 8    ALSO PRESENT:

 9            Honorable Scott Clarkson, Bankruptcy Judge
              Erin Kubota
10            Amy Stewart
              David Tofolo
11            Frank Arlasky
              Sandra White
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | **SANTA ANA, CALIFORNIA; FRIDAY, JULY 12, 2024**             |
| 2   | **3:07 P.M.**                                               |
| 3   | **- - -**                                                   |
| 4   |                                                              |

03:07PM 5        THE COURT:  We're on the record in the matter of

6        Wells Fargo vs. Stewart Homes, et al.

7            Counsel, if you'd just remain seated and make your

8        appearances, please.

9            MR. RAPKINE:  Thank you, Your Honor.  Michael

03:07PM 10   Rapkine for Plaintiff Wells Fargo.

11           THE COURT:  Thank you.

12           MR. FLEWELLING:  Mark Flewelling for Plaintiff

13       Wells Fargo.

14           THE COURT:  Thank you.  And with you today is the

03:07PM 15   representative of Wells Fargo.  Thank you for being here.

16           Counsel?

17           MR. STEPHENS:  John Stephens for David Tofolo.

18           THE COURT:  Thank you.  Your client is here as well.

19           It's a pleasure.

03:07PM 20           MR. FORSYTHE:  Good afternoon, Your Honor.  Marc

21       Forsythe for Amy Stewart, individually, on the trust and

22       Stewart Homes.

23           THE COURT:  All right.  Thank you very much.

24           And your representative is here also.

03:08PM 25           MR. WALL:  Bill Wall for Capital 360, Frank Arlasky,

1    and Sandra White.  Frank Arlasky is the president and full

2    authority over Capital 360.  He's sitting next to me.

3    Obviously, his wife is next to him.

4              THE COURT:  Pleasure.

03:08PM 5    Judge Clarkson is here in the audience.  I want to

6    thank you, Judge, for your efforts today, far above and beyond

7    anything that the Court could humbly ask.

8              Judge Clarkson informed me that you have a

9    settlement.  How would you like to proceed so I can file this

03:08PM 10   settlement, what the terms are, if this is agreeable on the

11   record to your respective parties, and if I can have a notice

12   of final settlement to the Court so I can JS-6 the case.

13             So, Counsel, who would like to state the terms of

14   the settlement, if you have one?

03:08PM 15             MR. RAPKINE:  I'm fine doing so, Your Honor.  It's a

16   four-page agreement.

17             THE COURT:  You don't have to read it.  What are the

18   material parts of it?

19             MR. RAPKINE:  Okay.  So the term sheets state that

03:09PM 20   those executing it will later reduce it to a more formal and

21   detailed settlement agreement.

22             THE COURT:  This will be the settlement, though.  In

23   other words, whatever is stated today, these are the material

24   parts.  And when you get to page 14 -- just joking with you --

03:09PM 25   paragraph 3, line 4, you have a disagreement, no.  In other

words, this is going to be binding upon you.  This is the

essential parts of the agreement.  You can file the agreement

at a later time.

MR. RAPKINE:  Understood.

03:09PM  So starting with the settlement terms involving the

Capital defendants, Capital 360, Inc., Frank Arlasky and Sandra

White, the first term is (Reading:)

"As consideration for a dismissal and release

of Wells Fargo's claims, the Capital defendants

03:09PM  agreed to assign a deed of trust signed by Kathy L.

Bodor (phonetic) as trustee of the Bodor Family

Trust, dated January 15, 2008 ('Bodor Deed of

Trust'), and the corresponding promissory note,

'Bodor Note,' both of which were executed by Kathy

03:10PM  Bodor around January 2024.  A true and correct copy

of the Bodor Note is attached hereto as Exhibit A.

"Pursuant to the assignment, the 700,000 that

is due and payable to Sandra White shall be payable

to Wells Fargo.  The instruments assigning the

03:10PM  Bodor Note and Bodor Deed of Trust shall be

exhibits to the settlement agreement to be executed

by the parties.  The instruments" -- in other

words, Exhibit A -- "must be executed concurrent

with the settlement agreement."

03:10PM  THE COURT:  Has that been executed?

1          MR. RAPKINE:  No, Your Honor.  We just printed out

2     the agreement.

3          THE COURT:  Okay.  I'll accept the representation,

4     though, that it will be executed so that we don't need to wait.

03:10PM 5          MR. RAPKINE:  Correct, Your Honor.  (Reading:)

6          "Furthermore, Defendant Sandra White has

7          deposit accounts at JPMorgan Chase with

8          approximately $55,000 currently restrained pursuant

9          to a writ of attachment.  These are known as 'the

03:11PM 10         Chase Funds.'  The Capital defendants relinquish

11         the Chase Funds to Wells Fargo.  The Capital

12         defendants shall take all reasonable necessary

13         steps, including joint instructions to Chase, to

14         ensure that Chase remits the Chase Funds to

03:11PM 15        Wells Fargo in expeditious fashion.

16         Upon receipt of the Chase Funds, Wells Fargo

17         will take all reasonably necessary steps to inform

18         Chase that there should not be an attachment,

19         garnishment, or levy on the Chase accounts relating

03:11PM 20        to this action.  Once the $55,000 is released to

21         Wells Fargo by Chase pursuant to the joint

22         instructions, the Capital defendants shall have ten

23         calendar days to remit a cashier's check in the

24         amount of $105,000 to counsel for Wells Fargo at

03:11PM 25        Lagerlof LLP, 155 North Lake Avenue, 11th Floor,

1    Pasadena, California 91101, Attention Michael

2    Rapkine.  The check shall be payable to Wells Fargo

3    Bank NA.

4        "Except for the obligations created by the

03:12PM 5    settlement agreement, the agreement shall contain a

6    mutual release of claims relating to the action.

7    Each of the Capital defendants represents and

8    warrants that they have no intention of filing for

9    bankruptcy in the near future.

03:12PM 10        "In the event that any of the Capital

11    defendants enters a bankruptcy case, whether

12    through a voluntary or involuntary process, and any

13    portion of the $700,000 due from Bodor or the

14    $160,000 separately being remitted to Wells Fargo

03:12PM 15    is proven to be, A, an avoidable transfer or, B,

16    otherwise recoverable from Wells Fargo by the

17    bankruptcy trustee or debtor in possession, the

18    releases by Wells Fargo set forth above will not be

19    effective and Wells Fargo shall be authorized and

03:12PM 20    retains all rights to submit a claim in the

21    applicable bankruptcy proceeding up to the full

22    value of its loss in this action, including

23    attorney's fees, which amounts to $1.7 million.

24        "Within ten calendar days after full

03:13PM 25    execution of the settlement agreement and

1        Wells Fargo's receipt of the $160,000 discussed

2        above, Wells Fargo shall file a Rule 41 stipulated

3        dismissal and proposed dismissal order dismissing

4        the claims against the Capital defendants with

03:13PM 5        prejudice.

6             "The miscellaneous settlement terms will

7        include a standard 15 -- standard mutual 1542

8        waiver.  Each party to bear their own fees and

9        costs incurred in the action.  And the Central

03:13PM 10       District of California retains jurisdiction to

11       enforce the terms of the settlement."

12            The next section is the settlement terms involving

13  Defendant Amy S. Stewart, both individually and as trustee of

14  the Stewart family trust, dated December 6, 2020.  (Reading:)

03:13PM 15       "Amy Stewart agrees to a stipulated judgment

16       against her individually and as trustee of the

17       trust for $260,000, which will be a joint and

18       several judgment with a judgment against Stewart

19       Homes to be discussed later in this agreement.

03:14PM 20       "Wells Fargo shall forbear on collection

21       efforts on this stipulated judgment and the

22       recordation of this judgment for five years.

23            The stipulated judgment will be filed in

24       the action overseen by the Honorable David O.

03:14PM 25       Carter.  Once the stipulated judgment is entered,

1    the judgment shall bear interest at the standard

2    federal rate.  The liability of Amy Stewart under

3    the stipulated judgment is joint and several with

4    the judgment against Stewart Homes, Inc.

03:14PM 5         "The settlement agreement shall contain a

6    mutual release of claims related to the action

7    between Amy, individually and as trustee of the

8    trust, and Wells Fargo.  The miscellaneous

9    settlement terms will include a standard mutual

03:14PM 10   1542 waiver.  Each party to bear their own fees and

11   costs.  And the Central District of California

12   retains jurisdiction to enforce the terms of this

13   agreement.

14        "After the judgment is paid in full,

03:15PM 15   Wells Fargo will file an acknowledgment of

16   satisfaction of the judgment.

17        "Key terms relating to Defendant Stewart

18   Homes, Inc.  Stewart Homes agrees to a stipulated

19   judgment for $260,000, which is a joint and several

03:15PM 20   judgment with Amy Stewart as an individual and as

21   trustee of the trust.  This stipulated judgment

22   will be filed in the District Court action.

23        "Once the stipulated judgment is entered, the

24   judgment shall bear interest at the standard

03:15PM 25   federal rate.  Wells Fargo acknowledges that upon

```
 1            dismissal of the pending involuntary bankruptcy
 2            case involving Stewart Homes, Stewart Homes shall
 3            execute an assignment of benefit of creditors
 4            pursuant to California Code of Civil Procedure,
 5            Section 493.10, the SHI ABC, and that Stewart Homes
 6            is currently under the management of a chief
 7            restructuring officer, MCA Financial Group, Inc.,
 8            ('The SHI CRO').
 9                 "Wells Fargo will take no action to prevent
10            Stewart Homes from entering into the SHI ABC.
11            Stewart Homes acknowledges the current SHI CRO will
12            be the assignee in the SHI ABC.
13                 "Immediately after execution of the SHI ABC,
14            Wells Fargo is allowed to record a lien against
15            Stewart Homes for $260,000 that will be junior to
16            the lien created under California law in favor of
17            the SHI assignee.  All unpaid fees and expenses of
18            the SHI CRO, including, but not limited to, unpaid
19            professional fees and expenses incurred by the SHI
20            CRO during its tenure and to all fees and expenses
21            incurred by the SHI assignee during the SHI ABC,
22            including, but not limited to, all professional
23            fees and expenses associated with the SHI assignee.
24                 "The SHI CRO, who will later be the SHI
25            assignee, agrees to take all reasonable steps to
```

03:15PM (line 5)
03:16PM (line 10)
03:16PM (line 15)
03:16PM (line 20)
03:17PM (line 25)

1          assist Wells Fargo in recording the Wells Fargo

2          lien.  The SHI CRO also agrees that in his capacity

3          as the SHI assignee, he will provide written notice

4          to counsel for Wells Fargo, attention to Lagerlof

03:17PM  5          LLP, Michael Rapkine, within 48 hours of the

6          execution and/or recordation, if required.

7               "Except for the obligations created by the

8          settlement agreement, the agreement shall contain a

9          mutual release of claims relating to the action

03:17PM 10          between Stewart Homes, Inc., and Wells Fargo.

11               "The settlement agreement shall contain the

12          standard mutual 1542 waiver.  Each party to bear

13          their own fees and costs incurred in this action,

14          and the Central District of California retains

03:18PM 15          jurisdiction to enforce the terms of the

16          settlement.

17               "After the judgment is paid in full,

18          Wells Fargo will file an acknowledgment of

19          satisfaction of judgment."

03:18PM 20               And then as to the final defendant, David Tofolo,

21     here are the key terms.  (Reading:)

22               "David Tofolo deposit account at Wells Fargo,

23          the account ending in 7460, currently contains a

24          sum of $632,125.71 which is currently restrained.

03:18PM 25          As consideration for release of Wells Fargo's

1    claims, Mr. Tofolo shall permanently relinquish

2    $250,000 which resides in this account.

3    Wells Fargo shall lift the restraint on the

4    remaining funds, $382,125.71, within ten calendar

03:18PM 5    days after full execution of the settlement

6    agreement.

7         "Except for the obligations created by the

8    settlement agreement, the agreement shall contain a

9    mutual release of claims relating to the action.

03:19PM 10   Upon full execution of the settlement agreement,

11   Wells Fargo has ten calendar days to file a Rule 41

12   stipulated dismissal and proposed dismissal order

13   dismissing the claims against Mr. Tofolo with

14   prejudice and to reiterate the miscellaneous terms

03:19PM 15   to each defendant.

16        "The settlement agreement shall contain a

17   standard mutual 1542 waiver.  Each party to bear

18   their own attorney's fees and costs incurred in the

19   action.  And the Central District of California

03:19PM 20   retains jurisdiction to enforce the terms of the

21   settlement."

22        THE COURT:  And is there a jurisdictional time limit

23   that I'm going to retain jurisdiction?  Is it six months?

24   What's the period of time?

03:19PM 25        MR. RAPKINE:  I think six months would be adequate,

```
 1   Your Honor.
 2              THE COURT:  I'm not suggesting that.  I'm just
 3   asking.
 4              MR. RAPKINE:  Yeah.  Yeah, I mean, would one year be
03:20PM  5   too much to ask?
 6              THE COURT:  If it's acceptable to the other party.
 7              MR. STEPHENS:  That's fine with David Tofolo.
 8              MR. FORSYTHE:  That's fine with Amy Stewart,
 9   individually, as trustee, and SHI Stewart Homes.
03:20PM 10              MR. WALL:  Are you asking about the jurisdiction
11   provision or all of it?
12              THE COURT:  Why don't you write that into the
13   agreement.
14              MR. WALL:  Just the one year, yeah, that's fine.
03:20PM 15              THE COURT:  All right.  Then on behalf of
16   Wells Fargo, would you state your name.  And I'm going to ask
17   you, as the representative, if these are the binding terms and
18   conditions, the material terms, and if this agreement is
19   acceptable to you.
03:20PM 20              MS. KUBOTA:  This is Erin Kubota on behalf of
21   Wells Fargo, and these terms are acceptable to Wells Fargo.
22              THE COURT:  Thank you very much.
23              Counsel, would you state your name.  I certainly
24   know who you are.  And I'll ask, are these terms acceptable to
03:20PM 25   you?
```

|       |                                                            |
|-------|------------------------------------------------------------|
| 1     | MR. RAPKINE:  Michael Rapkine for Wells Fargo.             |
| 2     | These terms are acceptable.                                |
| 3     | THE COURT:  Mr. Flewelling, you join also?                 |
| 4     | MR. FLEWELLING:  Yes, Your Honor.                          |
| 03:20PM 5 | THE COURT:  Are these terms acceptable to you?         |
| 6     | MR. FLEWELLING:  Yes.                                      |
| 7     | THE COURT:  Are these all the binding material terms       |
| 8     | to this agreement?                                         |
| 9     | MR. RAPKINE:  Yes, they are.                               |
| 03:21PM 10 | THE COURT:  All right.                                 |
| 11    | And, Counsel, I'll ask the same questions.  I              |
| 12    | certainly know who each of you are, but would you state your |
| 13    | name as counsel, and then you can ask or I'll ask your client |
| 14    | if these are the binding, material terms and if these are  |
| 03:21PM 15 | acceptable.                                            |
| 16    | MR. STEPHENS:  Yes.  My name is John Stephens, and I       |
| 17    | represent David Tofolo, one of the defendants in the case. |
| 18    | And, Mr. Tofolo, the terms that have been read             |
| 19    | regarding you, are they acceptable?                        |
| 03:21PM 20 | MR. TOFOLO:  Yes, they're acceptable.                  |
| 21    | THE COURT:  All right.  Same question, Counsel.            |
| 22    | MR. FORSYTHE:  Thank you, Your Honor.  I would just        |
| 23    | like to make two comments.  Just one small typo that was in the |
| 24    | written agreement.  It's on -- under the settlement of Stewart |
| 03:21PM 25 | Homes, fourth sentence, right before the defined term  |

```
 1    "Wells Fargo lien," it says with the "SHI assignee."  It should

 2    be "SHI ABC," and I don't think that's a problem.

 3              MR. RAPKINE:  That's fine, Mr. Forsythe.  Yes.

 4              THE COURT:  Why don't you write that in, then.

 5              MR. FORSYTHE:  And also, Your Honor, in the written

 6    agreement of the -- there is a fourth bullet point under the

 7    settlement terms for Stewart Homes that I had pointed out to

 8    Mr. Rapkine prior; he agreed.  He did not read that into the

 9    record, but I want to let the record reflect that it was not

10    read into the record and scratched out in the written version

11    of what's been circulated amongst the parties.

12              THE COURT:  Thank you.

13              Would you ask your client to identify herself and

14    ask if these are the material terms and if they're acceptable

15    to her, binding upon her.

16              MR. FORSYTHE:  Ms. Stewart, on behalf of yourself,

17    individually, on behalf of the Stewart Family Trust and as

18    trustee of the Stewart Family Trust and as 100 percent --

19    sorry -- and as the trust is 100 percent shareholder of Stewart

20    Homes, Inc., have you read and agreed to the terms of the

21    settlement here?

22              MS. STEWART:  Yes, I agree to the terms.

23              THE COURT:  These will be binding upon you as well.

24    Thank you.

25              Counsel?
```

```
 1              MR. WALL:  Your Honor, Bill Wall.  Unfortunately, I
 2    believe one of the material terms was misstated, and I
 3    certainly wasn't --
 4              THE COURT:  That's fine.  Why don't you step over to
 5    plaintiff's counsel and resolve that.
 6              MR. WALL:  I think -- oh, yeah.
 7              (Counsel confer off the record.)
 8              MR. WALL:  Thank you.  And the rest of the courtroom
 9    for giving us a chance to iron that out.  The material term
10    that I'm talking about is the parties will issue joint
11    instructions to Chase Bank, that Chase is to contemporaneously
12    release all liens claimed by Wells Fargo and against the
13    Capital 360 defendants.  And upon doing that, Chase is
14    authorized to send the 55,000 in that Chase account.
15              Upon Chase's release of liens and sending of the
16    55,000 to Wells, my clients will have ten days to deliver the
17    cashier's check under the same terms, conditions, and address
18    as previously read into the record.
19              THE COURT:  Is that acceptable?
20              MR. RAPKINE:  That's acceptable, Your Honor.
21              THE COURT:  Counsel?  Well, it doesn't really affect
22    you.  Yes, it does.
23              MR. STEPHENS:  Yes, it's fine.
24              THE COURT:  Counsel, acceptable?
25              MR. FORSYTHE:  Yes, acceptable.
```

03:23PM  5
03:25PM 10
03:25PM 15
03:26PM 20
03:26PM 25

1          THE COURT:  Then would you ask your clients --

2          MR. WALL:  I'm sorry, Your Honor.  I have to make

3    one reservation regarding another settlement; which is, my

4    clients are also parties to the Stewart Homes bankruptcy and

03:26PM 5    the pending assignment.  A number of representations and

6    agreements were made between Wells and Ms. Stewart and Stewart

7    Homes.  I want to make sure that in agreeing to this

8    settlement, my clients have nothing to do with that two-party

9    settlement between Wells and Stewart Homes, and we're not

03:26PM 10   waiving any rights or being collaterally estopped from anything

11   as a result of us being here and a party to a settlement with

12   Wells, not an indirect party, to the Stewart Homes.

13          Whatever transaction they have, we're not waiving

14   our rights in any respect regarding the involuntary bankruptcy

03:27PM 15   or subsequent assignment for benefit of creditors.

16          MR. FORSYTHE:  That's so acknowledged, Your Honor,

17   on behalf of Stewart Homes.

18          MR. WALL:  Thank you.

19          MR. FORSYTHE:  Do you agree, Ms. Stewart?

03:27PM 20         MS. STEWART:  Yes.

21          THE COURT:  Counsel?

22          MR. RAPKINE:  Yes, that's fine, Your Honor.  In

23   fact, the agreement says that the settlement vis-à-vis Amy

24   Stewart and Stewart Homes contain a mutual release of claims

03:27PM 25   just between Stewart Homes, Amy, and Wells Fargo.

**UNITED STATES DISTRICT COURT**

```
 1              THE COURT:  Okay.  So, Counsel, you can ask your
 2    client those two key questions, and then are these the
 3    materials terms that will bind them, and is this agreement
 4    acceptable to them.
 5              MR. WALL:  Do you understand these are the material
 6    terms that will bind you?
 7              MR. ARLASKY:  Yes, I do.
 8              MS. WHITE:  Yes.
 9              MR. WALL:  Louder.
10              MS. WHITE:  Yes.
11              MR. WALL:  Did you get that, Madam Court Reporter?
12              THE REPORTER:  Yes, I did.
13              MR. WALL:  Are they acceptable to you?
14              MS. WHITE:  Yes.
15              MR. ARLASKY:  Yes.
16              THE COURT:  You said you wanted to clean up this
17    agreement.  Is there any reason why it couldn't be filed in its
18    present form?
19              MR. RAPKINE:  It has chicken scratch,
20    interlineations.
21              THE COURT:  Well, I think our record is sufficient.
22    If you want to clean that up, that's fine.
23              Terri, from your standpoint, is a verbal notice of
24    dismissal of this case and settlement acceptable, or would you
25    like that in writing?
```

1          THE COURTROOM DEPUTY:  I think it's fine,

2    Your Honor.

3          THE COURT:  So we'll simply state that the parties

4    placed the settlement terms on the record.  The Court hereby

03:28PM  5    orders this action dismissed without prejudice.  The Court

6    orders all proceedings in the case vacated, taken off calendar,

7    retain jurisdiction for one year to vacate this order and

8    reopen the action upon showing of good cause that the

9    settlement has not been consummated.

03:28PM 10          Is that acceptable to the parties?

11          MR. FORSYTHE:  Yes, Your Honor.

12          MR. STEPHENS:  Yes for David Tofolo.

13          MR. WALL:  Yes, Your Honor.

14          THE COURT:  Counsel, I want to thank you.  I'll

03:29PM 15    order this be filed, and you can go and have a wonderful

16    weekend.  Thank you very much for your efforts.

17          MR. WALL:  Please thank judge Clarkson for us as

18    well.

19          THE COURT:  I will.

03:29PM 20          MR. RAPKINE:  And Taylor Brown Duncan was very

21    helpful.

22          **(Proceedings concluded at 3:29 p.m.)**

23                      **--oOo--**

24

25

1          *CERTIFICATE OF OFFICIAL REPORTER*

2

3    COUNTY OF LOS ANGELES    )
                              )
4    STATE OF CALIFORNIA      )

5                I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

6    COURT REPORTER, in and for the United States District Court for

7    the Central District of California, do hereby certify that

8    pursuant to Section 753, Title 28, United States Code that the

9    foregoing is a true and correct transcript of the

10   stenographically reported proceedings held in the

11   above-entitled matter and that the transcript page format is in

12   conformance with the regulations of the Judicial Conference of

13   the United States.

14

15   *Date:  August 29, 2024*

16

17

18

19                              */S/ DEBBIE HINO-SPAAN*
                                _____

20                              *Debbie Hino-Spaan, CSR No. 7953*
                                *Federal Official Court Reporter*
21

22

23

24

25

EXHIBIT 2

**Michael Rapkine**

---

| | |
|---|---|
| **From:** | Michael Rapkine |
| **Sent:** | Wednesday, July 31, 2024 1:49 PM |
| **To:** | William Wall |
| **Cc:** | jstephens@fbfk.law; 'Marc Forsythe' |
| **Subject:** | RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached] |

Correct.  The version I just sent is for you to review and provide redlines if necessary.   For the exhibits, please see Exhibits A – G which I circulated on Sunday.  I can't imagine you'll have proposed edits to the exhibits.

Thanks,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** William Wall <wwall@wall-law.com>
**Sent:** Wednesday, July 31, 2024 1:47 PM
**To:** Michael Rapkine <mrapkine@lagerlof.com>
**Cc:** jstephens@fbfk.law; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** Re: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached]

So we have comments from everyone but me?

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Date:** Wednesday, July 31, 2024 at 1:44 PM
**To:** William Wall <wwall@wall-law.com>
**Cc:** jstephens@fbfk.law <jstephens@fbfk.law>, 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached]

Bill,

Attached is the revised agreement that incorporates the change that John requested to paragraph C of the recitals.  The exhibits to the settlement agreement (A – G) are the same as those I circulated this past Sunday.

Once we receive your input on the settlement agreement, I can proof it a final time and print to PDF for everybody's signatures.

Thanks,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Sunday, July 28, 2024 11:35 PM
**To:** William Wall <wwall@wall-law.com>
**Cc:** jstephens@fbfk.law; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached]

Bill,

Hope you are having a good vacation – I believe you get back on Monday, 7/29.  Within the next few days, please review the attached Settlement Agreement and supporting exhibits A through G.  Please advise if you have any proposed revisions.

I would like to get signatures by around Friday, August 9th.

Thanks,
--Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

EXHIBIT 3

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

_____

_____

_____

Attn: _____

_____

[SPACE ABOVE LINE FOR RECORDER'S USE ONLY]

### ASSIGNMENT OF BENEFICIAL INTEREST UNDER DEED OF TRUST
### WITH ASSIGNMENT OF RENTS
### (With Acceleration Clause)

_____, 2024

FOR VALUE RECEIVED, SANDRA FERN WHITE, a married woman, as her sole and separate property, as beneficiary ("**Beneficiary**") under that certain Deed of Trust With Assignment of Rents (With Acceleration Clause) dated as of January 5, 2024, recorded January 8, 2024, in the Official Records of Mohave County, County Recorder, State of Arizona, as Fee# 2024001012 (the "**Deed of Trust**"), hereby grants, assigns and transfers to WELLS FARGO BANK, N.A., whose mailing address is _____, all beneficial interest under the Deed of Trust, together with (a) all of Beneficiary's right, title, interest and obligations in, to and under the note or notes, security agreements, guaranties, contracts and other documents therein described or referred to and/or executed and delivered in connection therewith, (b) the money due and to become due thereon with interest, and (c) all rights in connection with the Deed of Trust (including, without limitation, all title insurance policies, all other insurance policies, and all rents, issues, profits and proceeds), and all rights accrued or to accrue thereunder.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has executed this Assignment of Beneficial Interest Under Deed of Trust as of the date set forth above.

BENEFICIARY:

_____

SANDRA FERN WHITE


STATE OF CALIFORNIA

                      )

County of _____    )

On this ___ day of _____, 20____, before me personally appeared _____, whose identity was proven to me on the basis of satisfactory evidence to be the person he/she claims to be, and acknowledged before me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity or entities upon behalf of which the person acted, executed the instrument.

(seal)


_____

Notary Public

## ALLONGE

THIS ALLONGE is attached to and forms a part of that certain Promissory Note (the "**Note**") dated as of January 5, 2024, in the maximum principal amount of $700,000, by KATHY L. BODOR, Trustee of the Bodor Family Trust, dated January 15, 2008, payable to the order of SANDRA FERN WHITE, a married woman, as her sole and separate property ("**Holder**") and evidences the endorsement of the Note by Holder as provided in that certain Settlement Agreement and Release dated July 12, 2024, by and between Holder, certain other parties and the endorsee hereon.

Holder hereby endorses the Note as follows:

Pay to the order of WELLS FARGO BANK, N.A., without recourse.

IN WITNESS WHEREOF, the undersigned has executed this Allonge to be effective as of _____, 2024.

HOLDER:

_____
SANDRA FERN WHITE

EXHIBIT 4

**Michael Rapkine**

---

| | |
|---|---|
| **From:** | John Stephens <jstephens@fbfk.law> |
| **Sent:** | Wednesday, August 14, 2024 1:48 PM |
| **To:** | Michael Rapkine; William Wall |
| **Cc:** | 'Marc Forsythe' |
| **Subject:** | RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G |

I would have no opposition to that motion, but I sincerely hope it will not be necessary.

Bill, please do what you can to expedite the execution of the agreement.

David Tofolo is ready to sign as long as that minor change is made to the one recital.

**JOHN B. STEPHENS**
Attorney / Shareholder



**FERGUSON BRASWELL FRASER KUBASTA PC**
(949) 468-3200 Office | (714) 337-1872 Mobile
575 Anton Blvd. Suite 750 | Costa Mesa, CA 92626
jstephens@fbfk.law
www.fbfk.law

The FBFK Way - Our Culture of Service and Success

IMPORTANTCONFIDENTIAL: This message contains information from the law firm of Ferguson Braswell Fraser Kubasta PC that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C § 2510 et seq. If you have received this communication in error, please notify us immediately at our Dallas telephone number: (972) 378-9111.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, August 14, 2024 12:20 PM
**To:** William Wall <wwall@wall-law.com>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>; John Stephens <jstephens@fbfk.law>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Bill,

I'm having my assistant order a copy of the transcript from July 12, in which I read the terms of the settlement into the record.  Once I obtain a copy, I'll share the transcript with the group.

If a settlement isn't executed within the next week or so, Wells Fargo wants me to prepare a motion to compel the Capital Defendants to sign the settlement papers.  I know Judge Carter commented on 7/12 that the settlement is already binding based on the terms recited into the record; however, I think the Court will understand that we need a formal settlement agreement with exhibits.  Among other things, Sandra White needs to sign the assignment exhibits for there to be an assignment the Bodor Deed of Trust.

Please provide me some assurance that you and your clients will review the settlement papers and be ready to execute by the end of next week.

Thank you,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Tuesday, August 13, 2024 12:04 PM
**To:** William Wall <wwall@wall-law.com>; John Stephens <jstephens@fbfk.law>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Bill,

What about a review of the settlement papers by you, instead of your clients? Can I infer that you've reviewed the draft agreement/exhibits, and have no suggested edits?

--Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received

this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, August 13, 2024 11:09 AM
**To:** John Stephens <jstephens@fbfk.law>; Michael Rapkine <mrapkine@lagerlof.com>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** Re: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

I'm waiting on my client. I will try to motivate him

---

**From:** John Stephens <jstephens@fbfk.law>
**Date:** Monday, August 12, 2024 at 2:54 PM
**To:** William Wall <wwall@wall-law.com>, Michael Rapkine <mrapkine@lagerlof.com>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Of course we can, but I'm going on vacation next week and I really want to get it wrapped up this week.

What is your ETA on providing final comments?

**JOHN B. STEPHENS**
Attorney / Shareholder



**FERGUSON BRASWELL FRASER KUBASTA PC**
(949) 468-3200 Office | (714) 337-1872 Mobile
575 Anton Blvd. Suite 750 | Costa Mesa, CA 92626
jstephens@fbfk.law
www.fbfk.law

The FBFK Way - Our Culture of Service and Success

IMPORTANTCONFIDENTIAL: This message contains information from the law firm of Ferguson Braswell Fraser Kubasta PC that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C § 2510 et seq. If you have received this communication in error, please notify us immediately at our Dallas telephone number: (972) 378-9111.

**From:** William Wall <wwall@wall-law.com>
**Sent:** Wednesday, August 7, 2024 6:12 PM
**To:** Michael Rapkine <mrapkine@lagerlof.com>; John Stephens <jstephens@fbfk.law>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** Re: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

I'm sure it's pressure you can both withstand

Get Outlook for iOS

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, August 7, 2024 4:24:28 PM
**To:** William Wall <wwall@wall-law.com>; John Stephens <jstephens@fbfk.law>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Bill, although the goal is to execute by the end of next week, please try to get me your proposed edits (if any) by this weekend.  Both John and I are getting pressure from our clients to wrap this thing up.

Thanks,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** William Wall <wwall@wall-law.com>
**Sent:** Wednesday, August 7, 2024 2:44 PM
**To:** John Stephens <jstephens@fbfk.law>; Michael Rapkine <mrapkine@lagerlof.com>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** Re: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Next week is more realistic.

**From:** John Stephens <jstephens@fbfk.law>
**Date:** Wednesday, August 7, 2024 at 11:05 AM
**To:** Michael Rapkine <mrapkine@lagerlof.com>, William Wall <wwall@wall-law.com>
**Cc:** 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** RE: WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Thanks. I'm getting some pressure from David T to wrap this up.

**JOHN B. STEPHENS**
Attorney / Shareholder



**FERGUSON BRASWELL FRASER KUBASTA PC**
(949) 468-3200 Office | (714) 337-1872 Mobile
575 Anton Blvd. Suite 750 | Costa Mesa, CA 92626
jstephens@fbfk.law
www.fbfk.law

The FBFK Way - Our Culture of Service and Success

IMPORTANTCONFIDENTIAL: This message contains information from the law firm of Ferguson Braswell Fraser Kubasta PC that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C § 2510 et seq. If you have received this communication in error, please notify us immediately at our Dallas telephone number: (972) 378-9111.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, August 7, 2024 10:32 AM
**To:** William Wall <wwall@wall-law.com>
**Cc:** John Stephens <jstephens@fbfk.law>; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G

Good morning Bill,

Have you had a chance to review the settlement papers?  Ideally I'd like to get the settlement agreement executed by early next week.

Best Regards,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, July 31, 2024 1:44 PM
**To:** William Wall <wwall@wall-law.com>

**Cc:** jstephens@fbfk.law; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached]

Bill,

Attached is the revised agreement that incorporates the change that John requested to paragraph C of the recitals.  The exhibits to the settlement agreement (A – G) are the same as those I circulated this past Sunday.

Once we receive your input on the settlement agreement, I can proof it a final time and print to PDF for everybody's signatures.

Thanks,
Mike


**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Sunday, July 28, 2024 11:35 PM
**To:** William Wall <wwall@wall-law.com>
**Cc:** jstephens@fbfk.law; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** WF v. Stewart Homes -- SETTLEMENT AGREEMENT + EXHBIITS A-G [attached]

Bill,

Hope you are having a good vacation – I believe you get back on Monday, 7/29.  Within the next few days, please review the attached Settlement Agreement and supporting exhibits A through G.  Please advise if you have any proposed revisions.

I would like to get signatures by around Friday, August 9th.

Thanks,
--Mike


**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

EXHIBIT 5

**Michael Rapkine**

---

**From:**         Michael Rapkine
**Sent:**          Thursday, August 22, 2024 1:51 PM
**To:**            William Wall
**Cc:**            jstephens@fbfk.law; 'Marc Forsythe'
**Subject:**       Wells Fargo v. Stewart Homes, et al. -- Transcript Order (Doc. 92) & Potential Motion to Compel

Bill,

As reflected in the below ECF notice, I've ordered the transcript from July 12th.  I've placed an expedited order, so I hope to share the transcript with the group by Monday.

When I receive the transcript, Wells Fargo has instructed me to start preparing a motion to compel execution of the settlement papers, coupled with a sanctions request against the Capital Defendants.  I'd naturally like to avoid a motion – I have a busy September and would appreciate the cooperation of your clients.

If you can get me any edits to the settlement papers by the beginning of next week, I won't have to go the route of a sanctions motion.

As noted in our recent communications, a key reason we need a formal settlement agreement is the need for Sandra White to execute the assignment of the Bodor Deed of Trust and the allonge to the promissory note.  These are Exhibits B and C to the settlement agreement.

Also, the execution of a written agreement serves to start the 10-day period which your clients have to remit approximately $160,000 to Wells Fargo.  If your argument is that the record from 7/12 is all we need for a consummated settlement, then the $160,000 from your clients is already past due.

Thanks in advance for your attention to the settlement documents.

Best Regards,
--Michael

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Wednesday, August 21, 2024 2:53 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:23-cv-01800-DOC-ADS Wells Fargo Bank, N.A. v. Stewart Homes, Inc. et al Transcript Order Form (G-120)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Rapkine, Michael on 8/21/2024 at 2:52 PM PDT and filed on 8/21/2024

| | |
|---|---|
| **Case Name:** | Wells Fargo Bank, N.A. v. Stewart Homes, Inc. et al |
| **Case Number:** | 8:23-cv-01800-DOC-ADS |
| **Filer:** | Wells Fargo Bank, N.A. |

**WARNING: CASE CLOSED on 07/12/2024**
**Document Number:** 92

**Docket Text:**
**TRANSCRIPT ORDER as to plaintiff Wells Fargo Bank, N.A. for Court Reporter. Court will contact Marianne Mantoen at mmantoen@lagerlof.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Rapkine, Michael)**

**8:23-cv-01800-DOC-ADS Notice has been electronically mailed to:**

John B. Stephens    jstephens@fbfk.law, cmchardy@fbfk.law, john@sf-lawyers.com, tfriedland@fbfk.law

Kaila Michelle Bradley    kbradley@lagerlof.com, mmantoen@lagerlof.com

Marc C Forsythe    mforsythe@goeforlaw.com, dcyrankowski@goeforlaw.com

Mark T Flewelling    mflewelling@lagerlof.com, AFRCTECF@afrct.com, mmantoen@lagerlof.com, mrapkine@lagerlof.com

Michael Rapkine    mrapkine@lagerlof.com, mmantoen@lagerlof.com

William J Wall    wwall@wall-law.com

**8:23-cv-01800-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

 **Document description:**Main Document
 **Original filename:**C:\fakepath\Transcript Order Form - Stewart Homes - FINAL.pdf
 **Electronic document Stamp:**
 [STAMP cacdStamp_ID=1020290914 [Date=8/21/2024] [FileNumber=38508400-0
 ] [aacfce7d2a2ba4de3f8fe160ec337148f4ae6aadc67962bdd419fcb7e199e262807
 035b738a7dad45bc715a597679d8756be24baf1c143223b93de7333297cfa]]

EXHIBIT 6

**Michael Rapkine**

---

| | |
|---|---|
| **From:** | Michael Rapkine |
| **Sent:** | Thursday, August 29, 2024 4:46 PM |
| **To:** | William Wall |
| **Subject:** | FW: Settlement papers -- CA notary is fine |

Bill,

Regarding Exhibit C to the settlement agreement, I did comment on July 31 that a CA notary is fine.  This is what I sent you on 7/31:

<span style="color:red">One comment about exhibit C to the settlement agreement - the assignment of deed of trust.   This is the only exhibit that needs to be signed in the presence of a notary.  The draft I prepared has an AZ notary page, but a California notary is also fine.</span>

I look forward to your edits to the actual settlement agreement by Monday.  Like you said on today's call, either email me your proposed changes in an email or provide them in redlines to the actual agreement.

Thanks again,
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



| | |
|---|---|
| | 155 North Lake Ave |
| | 11th Floor |
| | Pasadena, CA 91101 |
| | www.lagerlof.com |

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, July 31, 2024 6:21 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** Settlement agreement

Bill,

One comment about exhibit C to the settlement agreement - the assignment of deed of trust.   This is the only exhibit that needs to be signed in the presence of a notary.  The draft I prepared has an AZ notary page, but a California notary is also fine.

Mike

Get Outlook for iOS

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

EXHIBIT 7

## Michael Rapkine

| | |
|---|---|
| **From:** | William Wall <wwall@wall-law.com> |
| **Sent:** | Thursday, September 5, 2024 12:36 PM |
| **To:** | Michael Rapkine |
| **Cc:** | jstephens@fbfk.law; 'Marc Forsythe' |
| **Subject:** | Re: Settlement papers (WF v. Stewart Homes, et al.) |

No, I'm not available for over a week.
Let me remind you we were waiting on a transcript which we did not receive until recently. Let me further remind you when we set trial dates, Judge Carter said he believed in being very respectful of counsel's family time, which I am currently attempting to enjoy.
With the above in mind, I am expressly not waiving the meeting of counsel requirement to bring a motion. The soonest I can be available is 9/16.

Get Outlook for iOS

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Thursday, September 5, 2024 9:09:43 AM
**To:** William Wall <wwall@wall-law.com>
**Cc:** jstephens@fbfk.law <jstephens@fbfk.law>; 'Marc Forsythe' <mforsythe@goeforlaw.com>
**Subject:** Settlement papers (WF v. Stewart Homes, et al.)

Bill,

Because we still don't have your final edits to the attached settlement agreement, I've been told by Wells Fargo to draft a motion to compel ASAP.  I will begin drafting the motion tonight.  Are you available for a quick meet/confer call on Friday or over the weekend?

If you get me your edits to the settlement agreement by this weekend, perhaps we can avoid a motion to compel battle.

Thanks for your attention to this matter.
Mike

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended

recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

---

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Tuesday, September 3, 2024 3:50 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** RE: Settlement papers (WF v. Stewart Homes, et al.)

Bill,

Perhaps we had a misunderstanding on the phone, but I thought you would email your proposed edits before you left for your 2-week vacation. I had commented that I understood that there might be delays in getting finalized signatures to the agreement because your were on vacation, but please get me your edits ASAP.

**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

---

**From:** William Wall <wwall@wall-law.com>
**Sent:** Tuesday, September 3, 2024 3:43 PM
**To:** Michael Rapkine <mrapkine@lagerlof.com>
**Subject:** Re: Settlement papers (WF v. Stewart Homes, et al.)

I believe you are mistaken about me promising edits on a holiday. I am on vacation this week and next but I will try to get this done sooner than later.

---

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Date:** Tuesday, September 3, 2024 at 10:47 AM
**To:** William Wall <wwall@wall-law.com>
**Subject:** FW: Settlement papers (WF v. Stewart Homes, et al.)

Bill,

Per our telephone conversation last week, please send me your edits to the settlement agreement by Wednesday morning. You had promised me your edits by Monday (9/2) and if the radio silence continues, Wells Fargo will want me to start preparing a motion to compel.

I know you're starting a vacation today, but please get me those edits to placate the folks at the bank. It will soon be 2 months since the MSC, so they are frustrated that we still don't have a written agreement.

Thanks in advance for your attention to this matter,
--Michael


**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com


CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

---

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Thursday, August 29, 2024 4:46 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** FW: Settlement papers -- CA notary is fine

Bill,

Regarding Exhibit C to the settlement agreement, I did comment on July 31 that a CA notary is fine.  This is what I sent you on 7/31:

<span style="color:red">One comment about exhibit C to the settlement agreement - the assignment of deed of trust.   This is the only exhibit that needs to be signed in the presence of a notary.  The draft I prepared has an AZ notary page, but a California notary is also fine.</span>

I look forward to your edits to the actual settlement agreement by Monday.  Like you said on today's call, either email me your proposed changes in an email or provide them in redlines to the actual agreement.

Thanks again,
Mike


**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**From:** Michael Rapkine <mrapkine@lagerlof.com>
**Sent:** Wednesday, July 31, 2024 6:21 PM
**To:** William Wall <wwall@wall-law.com>
**Subject:** Settlement agreement

Bill,

One comment about exhibit C to the settlement agreement - the assignment of deed of trust.   This is the only exhibit that needs to be signed in the presence of a notary.  The draft I prepared has an AZ notary page, but a California notary is also fine.


Mike

Get Outlook for iOS


**Michael Rapkine**
Senior Counsel
Litigation

mrapkine@lagerlof.com
626.793.9400



155 North Lake Ave
11th Floor
Pasadena, CA 91101
www.lagerlof.com

CONFIDENTIALITY NOTICE:
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify the sender by return email and delete this email message from your computer. Thank you.

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 155 North Lake Avenue, 11th Floor, Pasadena, California 91101.

On the date below, I served the foregoing document(s) described as:

**DECLARATION OF MICHAEL RAPKINE IN SUPPORT OF PLAINTIFF WELLS FARGO'S MOTION FOR ORDER ENFORCING SETTLEMENT AND AWARDING SANCTIONS AGAINST THE CAPITAL DEFENDANTS**

on the interested parties in this case as follows:

*Courtesy Copy via U.S. Mail*
to
The Hon. Scott Clarkson
c/o Taylor Brown Duncan, Esq.
Ronald Reagan Federal Building and United States Courthouse
411 W. Fourth St., 5th Floor
Santa Ana, CA  92701
Email:  Taylor_BrownDuncan@cacb.uscourts.gov

**Served Electronically via the Court's CM/ECF System:**

*Defendants Stewart Homes, Inc., Amy Stewart, an individual, and Amy S. Stewart, trustee of the Stewart Trust*

Marc C Forsythe, Esq.
GOE FORSYTHE AND HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA  92612
Tel:  949-798-2460
Fax: 949-955-9437
Email: mforsythe@goeforlaw.com

*Defendant, David M. Tofolo*

John Stephens, Esq.
FERGUSON BRASWELL FRASER KUBASTA PC
575 Anton Blvd., Suite 750
Costa Mesa, CA  92626
Tel:  (949) 468-3200
Fax:  (949) 468-3201
jstephens@fbfk.law

1
2

*Defendants Capital (360), Inc., Frank
Arlasky and Sandra Fern White*

3
4
5
6

William J. Wall, Esq.
26895 Aliso Creek Road, #B-110
Aliso Viejo, CA 92656
Tel: (949) 387-4300
Email: wwall@wall-law.com

7
8
9
10

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **September 12, 2024.**

11
12

Marianne Mantoen
(Type or Print Name)

*/s/ Marianne Mantoen*
(Signature of Declarant)

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28